# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES CHRISMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| vs. | ) |
| | ) |
| 31-W INSULATION CO., INC., | ) |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from discriminatory employment termination instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff Charles Chrisman ("Plaintiff") timely filed his charge of discrimination against defendant 31-W Insulation Co., Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of his right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant is a corporation headquartered in Goodlettsville, Tennessee.

## III. STATEMENT OF FACTS

5. In or about August of 2019, Plaintiff became employed by Defendant at its location in Bessemer, Alabama.

6. On or about July 27, 2020, Plaintiff's physician took him off work the week of July 27 due to anxiety and depression.

7. Plaintiff took a note from his physician to Defendant's Bessemer location and gave it to Teresa D'Amore.

8. D'Amore was Defendant's Regional Manager over the Bessemer location.

9. The note provided that Plaintiff be off work from July 27 through August 2 with a return to work date of August 3.

10. Plaintiff told D'Amore that his physician had diagnosed him with anxiety and depression and had prescribed him medication for it, and that his physician wanted him to take that week off of work to improve and get used to the medication to see if any adjustments needed to be made to it.

11. On or about July 31, 2020, D'Amore sent Plaintiff an email terminating him "effective immediately."

12. The email simply stated as grounds that Plaintiff's "services at 31W [were] no longer needed."

13. Plaintiff had no prior disciplinary actions.

## IV.  CAUSES OF ACTION

### COUNT I

### ADA

14. Paragraphs 1-13 are incorporated herein.

15. Defendant was a covered employer under the ADA at all times relevant to this case.

16. Plaintiff's anxiety and depression constituted a mental impairment under the ADA during the events of this case.

17. Due to this impairment, Plaintiff was substantially limited with respect to the major life activity of the operation of his neurological system, as well as concentrating, thinking, communicating, interacting with others, and working during flare-ups.

18. Plaintiff was disabled under the ADA during the events of this case.

19. Further, Defendant perceived Plaintiff as disabled under the ADA during the events of this case.

20.  Plaintiff was and is a qualified individual able to perform the essential functions of his position, with accommodation.

21.  Plaintiff's request that he be excused for absences caused by his disability was a request for a reasonable accommodation under the ADA.

22. Defendant violated Plaintiff's rights under the ADA by terminating him (a) because of his disability, actual or perceived, (b) as a result of its failure to reasonably accommodate that disability in allowing him to take off work for it, and/or (c) in retaliation for his request for an accommodation for that disability in taking off work because of it.

23.  As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
31-W Insulation Co., Inc.
c/o Edwin Ownbey, Registered Agent
194 Import Cir.
Huntsville, AL 35806